IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BENJAMIN CAMACHO,

Plaintiff

v.                                                                    CIVIL 12-1754 (JA)

MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,

Defendant

<u>OPINION AND ORDER</u>

  This action is brought under the provisions of Title 42 U.S.C. § 405(g) and Title 5 U.S.C. § 706.  On September 13, 2012, plaintiff filed this petition for judicial review of a final decision of the Commissioner of Social Security which denied his application for a period of disability and Social Security disability insurance benefits.  Plaintiff filed a memorandum of law seeking reversal of the final decision on June 24, 2013. (Docket No. 22).  Defendant filed a memorandum in support of the final decision on July 12, 2013. (Docket No. 23).

  Plaintiff has the burden of proving that he has become disabled within the meaning of the Social Security Act.  <u>See</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146, 107 S. Ct. 2207 (1987); <u>Rodriguez-Gonzalez v. Astrue</u>, 854 F. Supp. 2d 176, 179 (D.P.R. 2012).  A finding of disability requires that plaintiff be unable to perform any substantial gainful activity or work because of a medical condition which has lasted or which can be expected to last for a continuous period of at least twelve months.  <u>See</u> 42 U.S.C. § 416(i)(1).  In general terms, evidence of a physical or mental impairment or a combination of both is insufficient for the Commissioner to award benefits.  There must be a causal relationship between such impairment

CIVIL NO. 12-1754 (ADC)(JA)			2

or impairments and plaintiff's inability to perform substantial gainful activity.  See McDonald v. Sec'y of Health & Human Servs., 795 F.2d 1118, 1120 (1st Cir. 1986); Quintana v. Commissioner of Social Security, 294 F. Supp. 2d 146, 148 (D.P.R. 2003).

The only issue for the court to determine is whether the final decision that plaintiff is not under a disability is supported by substantial evidence in the record when looking at such record as a whole.  In order to be entitled to such benefits, plaintiff must establish that he was disabled under the Act at any time between November 15, 2002, his alleged onset date, and December 31, 2007, when he last met the earnings requirements for disability benefits under the Social Security Act.  See Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 140 n.3 (1st Cir. 1987); Hatcher v. Commissioner of Social Security, 770 F. Supp. 2d 452, 454 (D.P.R. 2011).

After evaluating the evidence of record, Administrative Law Judge John D. McNamee-Alemany entered the following findings on January, 22, 2008:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2007.
2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of November 15, 2002 through his date last insured of December 31, 2007. (20 CFR 404.1520(b) and 404.1571 et seq.).
3. Through the date last insured, the claimant had the following impairments: moderate major depressive disorder and mild back pain (20 CFR 404.1520(c)).
4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526.
5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform unskilled, simple work activity.
6. Through the date last insured, the claimant's past relevant work as maintenance worker or janitor and as construction

> worker did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
> 7. The claimant was not under a disability as defined in the Social Security Act, at any time from November 15, 2002, the alleged onset date, through December 31, 2007, the date last insured. (20 CFR 404.1520(f)).

Tr. at 305-12.

The administrative law judge ended the sequential inquiry at step four. See 20 C.F.R. § 404.1520(e). At step four the initial burden is on the claimant to show that he can no longer perform his former work because of his impairment(s). Manso-Pizarro v. Secretary of Health & Human Servs., 76 F.3d 15, 17 (1st Cir. 1996); see Santiago v. Secretary of Health & Human Servs., 944 F.2d 1, 5 (1st Cir. 1991). Thence, the Commissioner must compare the physical and mental demands of the past work with the current functional capability. See 20 C.F.R. § 404.1560(b). At this stage, the administrative law judge is entitled to credit a claimant's own description of his former job duties and functional limitations but has some burden independently to develop the record. See Manso-Pizarro v. Secretary of Health & Human Servs., 76 F.3d at 17; Santiago v. Secretary of Heath & Human Servs., 944 F.2d at 5-6.

This decision was reviewed by the Appeals Council upon request by plaintiff. The Appeals Council then vacated that final decision and remanded the case to an administrative law judge for resolution of two issues:

1) While treatment notes from a treating physician end in May 2005, the same physician noted that he had treated plaintiff up to November 2007. The Appeals Council noted that further development of the doctor's treatment notes after May 2005 was warranted since extreme limitations were noted.

2) While the administrative law judge found that plaintiff could perform past relevant work as maintenance worker or janitor, the job description in Exhibits

CIVIL NO. 12-1754 (ADC) (JA)                    4

2E and 5E do not indicate that his job was either simple or unskilled.  There is no indication in the record that plaintiff was a janitor. (Tr. at 317)[1].

    The administrative law judge on remand was directed to obtain further treatment records from the treating physician in order to complete the administrative record.  The administrative law judge was further directed to give further consideration to plaintiff's maximum residual functional capacity and provide appropriate rationale in support of the assessed limitations, making specific reference to the record. (20 C.F.R. 404.1525) and Social Security Ruling 96-8P.  (Tr. at 318).  If warranted by the expanded record, the administrative law judge on remand was directed to then inquire about the effect of plaintiff's assessed limitations on his occupational base.  Guidance as to questioning was also provided.[2]  (Tr. at 318).   On remand, the Appeals Council urged offering another hearing opportunity to the then claimant. (Tr. at 318).

    After evaluating the additional evidence of record and the record as a whole, Administrative Law Judge Glenn G. Meyers entered the following findings on August 20, 2010.

---

[1] Plaintiff was a construction worker or maintenance worker, not a janitor. (Tr. at 164, 165).

[2] The administrative law judge was directed to obtain from a vocational expert evidence to clarify the effect of the assessed limitations on the claimant's occupational base, directing the method of use of hypothetical questions which should reflect the specific capacity/limitations established by the record as a whole. This includes asking the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566).  Conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p) were also to be addressed.  (Tr. at 318).

CIVIL NO. 12-1754 (ADC) (JA)                5

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2007.
2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of November 15, 2002 through his date last insured of December 31, 2007. (20 CFR 404.1571 *et seq*.).
3. Through the date last insured, the claimant had the following severe impairment: moderate major depressive disorder with anxiety and schizoaffective features (20 CFR 404.1520(c)).
4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).
5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: performance of complex tasks, contact with the public and frequent contact with supervisors and coworkers. The claimant could have performed unskilled, simple work activity not requiring contact with the public and/or frequent contact with supervisors and coworkers.
6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).
7. The claimant was born on July 30, 1964 and was 43 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).
8. The claimant has a marginal education and is able to communicate in English (20 CFR 404.1564).
9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were job that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and

> 404.1569a).
> 11. The claimant was not under a disability as defined in the Social Security Act, at any time from November 15, 2002, the alleged onset date, through December 31, 2007, the date last insured. (20 CFR 404.1520(g)).

Tr. at 20-29.

Here, the administrative law judge ended the sequential inquiry at step five. At this level, it has already been determined that the claimant cannot perform any work he has performed in the past due to a severe impairment or combination of impairments. The inquiry requires a consideration of the claimant's residual functional capacity as well as the claimant's age, education, and past work experience to see if the claimant can do other work. If the claimant cannot, a finding of disability will follow. See 20 C.F.R. § 404.1520(f). At step five, the Commissioner bears the burden of determining that significant jobs exist in the national economy given the above factors. See Nguyen v. Chater, 172 F.3d 31 (1st Cir. 1999); Lancelotta v. Secretary of Health & Human Servs., 806 F.2d 284 (1st Cir. 1986); Vázquez v. Secretary of Health & Human Servs., 683 F.2d 1, 2 (1st Cir. 1982); Velez-Pantoja v. Astrue, 786 F. Supp. 2d 464, 467 (D.P.R. 2010).

Plaintiff argues in his memorandum of law that the administrative law judge did not adequately explain the reduced weight given to the reports of two examining psychiatric consultants as well as that of a treating psychiatrist. Plaintiff takes issue with the weight given by the administrative law judge to the medical reports and generally argues that the administrative law judge employed the incorrect legal standard. Plaintiff complains that the hypothetical questions asked by the administrative law judge of the vocational expert were defective, since the questions did not accurately portray plaintiff's limitations. The defendant responds in turn to plaintiff's allegations.

At the administrative hearing held in Mayaguez on August 5, 2010, plaintiff was represented by Fernando A. Diez. Plaintiff himself waived his presence at the

CIVIL 12-1754 (JA)                              7

hearing, as he did at the prior hearing. (Tr. at 72, 354). David Festa, a certified medical rehabilitation counselor testified that having reviewed the record, he determined that plaintiff could not perform his past relevant work which is considered semi-skilled and medium in exertional terms. However, the vocational expert testified that there were jobs in the national economy that plaintiff could perform which were light in nature and unskilled such as racker (D.O.T. 524.637-018), and routing clerk (D.O.T. 222.687-022). (Tr. at 416). Upon examination by plaintiff's attorney, the vocational expert said that the two jobs he mentioned entailed assumptions that plaintiff had the ability to carry out short and simple instructions. (Tr. at 418).  Also assumed were plaintiff's ability to maintain attention and concentration for extended periods of time, to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, as well as ability to maintain an ordinary routine without special supervision, and ability to work in coordination with and proximity to others (occasional contact) without being distracted by them. (Tr. at 419). The vocational expert was asked by counsel if he had assumed a number of situations or factors and he stated that he had.  If there were marked limitations in each of the areas addressed, then the conclusion would be different. (Tr. at 422).

    Plaintiff argues that the administrative law judge did not give proper weight to the treating physician's medical reports. It is well settled that even the opinions of treating physicians are not entitled to greater weight merely because they are treating physicians. <u>Rodríguez Pagán v. Sec'y of Health & Human Servs.</u>, 819 F.2d 1, 3 (1st Cir. 1987); <u>Sitar v. Schweiker</u>, 671 F.2d 19, 22 (1st Cir. 1982); <u>Pérez v. Sec'y of Health, Educ. & Welfare</u>, 622 F.2d 1, 2 (1st Cir. 1980); <u>Delgado-</u>

CIVIL 12-1754 (JA)                                    8

Quiles v. Comm'r. of Soc. Sec., 381 F. Supp. 2d 5, 8-9 (D.P.R. 2005); Rosado-Lebrón v. Comm'r of Soc. Sec., 193 F. Supp. 2d 415, 417 (D.P.R. 2002).

The administrative law judge  considered the treating physician's opinions about plaintiff's disability, but in view of the overall record, those opinions were not persuasive. (Indeed the administrative law judge determined that the treating physician was not Dr. Gaztambide but rather Dr. Elias).  Controlling weight may be granted when the opinion of the treating physician is well-supported by medically acceptable clinical and laboratory diagnostic  techniques.   20 C.F.R. §404.1527(d).  The opinion of such a treating physician can be rejected if it is inconsistent with other substantial evidence in the record, but also when it is not supported by the physician's own medical findings.  The weighing of such inconsistencies is a function delegated to the administrative law judge, not to the court on judicial review.   Thus , the administrative law judge was not required to give the opinions controlling weight.  See 20 C.F.R. § 404.1527(d); Berríos-Vélez v. Barnhart, 402 F. Supp. 2d 386, 391 (D.P.R. 2005); cf. Sánchez v. Comm'r of Soc. Sec., 270 F. Supp. 2d 218, 221 (D.P.R. 2003).

While I have not detailed the medical information in the progress notes, assessments and reports, and notwithstanding the comprehensive memorandum filed by plaintiff, I note that the final decision reflects a reasonable balancing and weighing of evidence by the administrative law judge.  See Gray v. Heckler, 760 F.2d 369, 374 (1st Cir. 1985); Tremblay v. Sec'y of Health & Human Servs., 676 F.2d 11, 12 (1st Cir. 1982); Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).   In that weighing, the power to resolve conflicts in the evidence lies with and has been exercised by the Commissioner, not the courts.  Id.; see Barrientos v. Sec'y of Health & Human Servs., 820 F.2d 1, 2-3

CIVIL 12-1754 (JA)                                              9

(1st Cir. 1987).  The rationale of the administrative law judge is sufficiently detailed, consistent with the directive of the Appeals Council, and a reasonable weighing of the evidence does not point to an *a fortiori* requirement that the Commissioner find plaintiff to be disabled under the Social Security Act.

This is a record that may very well support an opposite finding. Nevertheless, looking at the evidence as a whole, and even if I disagree with the final decision, I cannot find that the Commissioner's decision has failed to comply with the requirements of the substantial evidence rule.  The reports and conclusions of Dr. Japhet Gaztambide, Dr. Alberto Rodriguez Robles, Dr. Armando I. Caro and Dr. Pablo Perez Torrado (Tr. at 184-89, 256-63, 273-76, 279-81, 285-93, 294-98), when compared with the medical assessments of Dr. Hilario de la Iglesia, clinical psychologist, Jose L. Elias, treating psychiatrist (Tr. at 25), and Dr. Carlos D. Vazquez, clinical psychologist, do not lead to the inevitable conclusion that plaintiff is disabled.  The reports of the latter mental health personnel , as well as a reasonable weighing of the testimony of the vocational expert lend support to the final decision in keeping with the substantial evidence rule. (Tr. at 222, 223-36, 237, 238-251, 252-55, 264, 390-410).

The hypothetical questions posed were based upon assumptions harvested from the record.  There is no hard rule or perfect method of asking hypothetical questions. See Rodriguez-Gonzalez v. Astrue, 854 F. Supp.2d at 186. Hypothetical questions need only "reasonably incorporate [] the disabilities recognized by the [administrative law judge]". Velez-Pantoja v. Astrue, 786 F. Supp. 2d at 469, quoting Bowling v. Shalala, 36 F.3d 431, 435 (5th Cir. 1994, citing Morris v. Bowen, 864 F.2d 333, 336 (5th Cir. 1988).

CIVIL 12-1754 (JA)                                      10

      The administrative law judge had the advantage of reviewing the original findings and having a clear directive from the Appeals Council as a roadmap.  He engaged in the traditional weighing of difficult and conflicting evidence.  But that is precisely his function, not that of a reviewing court.  The administrative law judge used the vocational expert, as well as the mental residual functional capacity assessments, to help determine plaintiff's residual functional capacity.  There is no talisman to consult in order to produce a universally acceptable number of acceptable questions for the vocational expert.  The questions reflected the spectrum of limitations and produced different results.  The administrative law judge noted that a longitudinal analysis of the medical evidence on the whole established the plaintiff's mental condition is a depressive disorder, moderate in intensity from a medical standpoint, considering the assessments of clinical psychologists de la Iglesia and Vazquez. (Tr. at 24).  The final decision is the product of the administrative law judge's reasonable consideration of the vocational expert's answers as well as the medical and non-medical evidence of record.  Consequently, there is no violation of the substantial evidence rule.

      In view of the above, and there being no good cause to remand, the final decision of the Commissioner is affirmed and  this action is dismissed.  The Clerk is directed to enter judgment accordingly.

      At San Juan, Puerto Rico, this 15st day of October, 2013.

                                                                               S/ JUSTO ARENAS  
                                                    United States Magistrate Judge